**Jaime ESTRADA–MEDEROS;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 08–72721.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jaime Estrada–Mederos, pro se.

Sipriana Estrada, pro se.

Jem C. Sponzo, Esquire, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioners' motion for administrative closure and declining to *sua sponte* reopen petitioners' removal proceedings.

This court lacks jurisdiction to review the BIA's refusal to reopen removal proceedings *sua sponte*. *See Ekimian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir. 2002). Accordingly, respondent's unopposed motion to dismiss in part is granted.

Respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). First, administrative closure is not available after entry of a final order of removal. *See Matter of Lopez–Barrios,* 20 I. & N. Dec. 203 (BIA 1990). Second, to the extent that petitioners' motion could be construed as a motion to reopen removal proceedings, the BIA did not abuse its discretion in concluding that petitioners' second motion to reopen was untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion), *amended by* 404 F.3d 1105 (9th Cir.2005).

The motion to reinstate voluntary departure is denied because this court lacks the authority to provide such relief. *Cf. Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1172 (9th Cir.2003).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**