# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3466

_____

|  |  |
|---|---|
| Victorine Nakue Pafe, | * |
|  | * |
| Petitioner, | * |
|  | * Petition for Review from the |
| v. | * Board of Immigration Appeals. |
|  | * |
| Eric H. Holder, Jr., Attorney | * |
| General of the United States, | * |
|  | * |
| Respondent. | * |

_____

Submitted: June 17, 2010
Filed: August 11, 2010

_____

Before LOKEN, BRIGHT and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Victorine Pafe, a native of Cameroon, filed an asylum application on April 11, 2002. A hearing before an Immigration Judge ("IJ") was scheduled for November 7, 2002. However, Pafe's attorney informed her that she was not required to attend. The day before the hearing, Pafe learned that her attorney's advice was incorrect, but she could not travel to the hearing location in time. The IJ entered an *in abstentia* removal order against her. On June 13, 2008, Pafe filed a motion to reopen her case, which the IJ and the Board of Immigration Appeals ("BIA") denied as untimely. Pafe now petitions for review of the BIA's decision, arguing that her two previous attorneys'

performances were deficient and that the deadline for filing her motion to reopen should therefore be equitably tolled.

"We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion." *Kanyi v. Gonzales*, 406 F.3d 1087, 1089 (8th Cir. 2005). By statute, an alien has 180 days to move to reopen an *in abstentia* removal order. 8 U.S.C. § 1229a(b)(5)(C)(i). "In general, a filing period may be equitably tolled if the applicant seeking such relief demonstrates that he has exercised due diligence in pursuing his case during the period he seeks to toll." *Kanyi*, 406 F.3d at 1090. We have left open the question whether the 180-day time period for reopening an *in abstentia* removal order is subject to equitable tolling. *See id.* We need not decide the issue here because we hold that, even assuming the time limit is generally subject to equitable tolling, the BIA did not abuse its discretion in denying Pafe's motion to reopen. *See id.*

Pafe grounds her argument for equitable tolling of the 180-day time period on the deficient performance of her attorneys. As noted, her first attorney, Bokwe Mofor, incorrectly informed her that she did not need to attend the initial hearing before the IJ. After the *in abstentia* removal order was entered, Mofor assured Pafe that he would file a motion to reopen, but he failed to do so. Six months later, Pafe went to inquire about the status of her case, and Mofor informed her that he had filed the motion. Pafe was given a copy of the motion that Mofor said he filed, which had her name and alien number on it but a factual exposition that did not relate to her case.[1]

[1]Pafe told the IJ that Mofor himself gave her the motion, and the IJ relied on her possession of the facially fraudulent motion as evidence of her lack of diligence, reasoning that had she read the motion she would have recognized Mofor's deficient performance. At oral argument on appeal, Pafe's current attorney stated that Mofor did not give Pafe the motion, but rather her second attorney found the motion in the file he obtained from Mofor. Because "our judicial review is limited to the administrative record," *Averianova v. Holder*, 592 F.3d 931, 937 n.6 (8th Cir. 2010) (quoting *Lukowski v. INS*, 279 F.3d 644, 646 (8th Cir. 2002)), we cannot consider this

In 2005, three years after she hired Mofor to work on her asylum application, Pafe learned that Mofor intended to move back to Cameroon. Pafe then hired new counsel, Robert Oswald. Oswald told Pafe that he would file both a motion to reopen proceedings before the IJ and a bar disciplinary complaint against Mofor. Oswald never filed either document. Pafe occasionally tried to contact Oswald to inquire about her case, but she was never able to speak to him. After three more years, Pafe hired her present counsel.

In the immigration context, the doctrine of equitable tolling is "sparingly invoked" for ineffective-assistance-of-counsel claims. *Habchy v. Gonzales*, 471 F.3d 858, 864 (8th Cir. 2006) (citation omitted). To invoke equitable tolling, "aliens must exercise due diligence in 'discovering the deception, fraud, or error' giving rise to the ineffective assistance of counsel." *Id.* (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). The BIA found, and the Government does not dispute, that Pafe has shown fraud and deception on the part of her previous attorneys. However, Pafe has failed to show that she exercised the requisite diligence. Oswald unquestionably informed Pafe of Mofor's previous failures as an attorney, telling her that he would file an attorney disciplinary complaint against Mofor. At least by that point Pafe knew, or should have known, that such conduct on the part of her attorney was cause for concern, particularly given that she knew as early as 2002 that an *in abstentia* order of removal had been entered against her. Nonetheless, when Oswald repeated Mofor's lengthy course of inaction and when Pafe saw her case still was not progressing, she again waited three years before hiring new counsel. In total, Pafe has waited nearly six years to file her motion to reopen. Especially with respect to her delay in addressing Oswald's ineffectiveness, the BIA did not abuse its discretion in holding that Pafe has not acted diligently and was not entitled to equitable tolling of the deadline for filing a motion to reopen.

_____

belated attempt to alter the factual record.

The Supreme Court's recent decision discussing equitable tolling in the habeas context, *Holland v. Florida*, 560 U.S. ---, 130 S. Ct. 2549 (2010), does not change this outcome. While the Court found that Holland was diligent, noting that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'" *id.* at 2565 (citations omitted), the facts showing Holland's diligence are far removed from this case.

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* In contrast, Pafe, as previously discussed, waited nearly three years before hiring new attorneys to replace each of her ineffective ones and did not file her motion to reopen until over five years after it was due. Accordingly, Pafe has not shown even "reasonable diligence," and her petition for review is denied.

BRIGHT, Circuit Judge, dissenting.

I dissent. Given the terrible advice, misleading and false information, and obvious misconduct by licensed attorneys representing petitioner Ms. Pafe, Ms. Pafe should be given another opportunity to reopen her proceedings to permit her to seek asylum in this country.

As noted by the majority, the petitioner in *Holland v. Florida*, 560 U.S. ---, 130 S.Ct. 2549 (2010), took action much more quickly than did Ms. Pafe. However, the

incompetence of counsel representing Holland, although it occurred in a criminal context, was much the same as that experienced by Ms. Pafe.

The factual underpinning and reasoning leading the Supreme Court in *Holland* to rule that equitable tolling might lie for petitioner Holland is sound and proper precedent for this court to remand Ms. Pafe's claim for additional consideration by the IJ. In *Holland*, counsel ignored the petitioner's repeated requests for information regarding the status of his case, misadvised the petitioner regarding the applicable law relevant to tolling of the limitations period, and ignored the petitioner's numerous requests to file a timely § 2254 petition.

Ms. Pafe received similar treatment from her attorneys. Bokwe Mofor, Ms. Pafe's first attorney, gave her inaccurate advice that she did not have to attend the hearing on the removal petition; falsely advised Ms. Pafe that he had filed a motion to reopen; and was generally evasive and not responsive to her various requests regarding the status of her case, repeatedly advising her to be patient.

Six months after Ms. Pafe asked Mofor to file a motion to reopen, she followed up with Mofor, inquiring about the status of her case. Mofor advised her to be patient. Ms. Pafe nevertheless continued to make efforts to contact Mofor. Upon learning Mofor was moving out of the country, Ms. Pafe immediately secured new counsel.

Robert Oswald, Ms. Pafe's second attorney, agreed to file a motion to reopen, but never did, despite having been paid a substantial sum of money to do so. In response to Ms. Pafe's repeated attempts to contact Oswald over the next two years, his staff assured Ms. Pafe that her case was proceeding and that they were waiting for a response to a FOIA request.[2]

---

[2]Upon being retained by Ms. Pafe, Oswald requested, pursuant to the Freedom of Information Act, that U.S. Citizenship and Immigration Services forward to him a copy of Ms. Pafe's file. Oswald gave Ms. Pafe an unsigned copy of the FOIA request.

This new counsel, Oswald, and his staff led Ms. Pafe to believe that her case was proceeding properly. Nothing in the record put Ms. Pafe on notice that her attorneys, or their representatives, were lying to her and that she should have acted sooner than she did. See, e.g., Borges v. Gonzales, 402 F.3d 398 (3d Cir. 2005) (petitioner claimed owner of immigration service lied when she told petitioner that he would be represented by one of service's attorneys, filed motion containing substantial errors in wrong court, provided improper legal advice, and lied that in absentia order of removal had been "taken care of"; such fraud, if proven, warrants equitable tolling); see also Rodriguez-Lariz v. INS, 282 F.3d 1218, 1224-25 (9th Cir. 2002) (counsel's "fraudulent" representation, characterized by failure to file motion by deadline and then lying and telling petitioners that motion had been filed, but was lost by IJ, misled petitioners to believe that their representatives were proceeding effectively and justified equitable tolling of time to reopen deportation proceedings)\

We are aware of the lengthy time period in this case–approximately six years between initial denial and the filing by present counsel of a motion to reopen her case. This lengthy time period is important, but without evidence of lack of diligence by Ms. Pafe, it is not enough to reject her motion to reopen in light of the record as a whole.

Accordingly, I would grant the petition for review, and remand the matter to the BIA with orders that it allow the IJ to reopen Ms. Pafe's removal hearing, and allow the parties to supplement the record on the issue of due diligence, if either or both parties wish to do so.

_____