# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 10-3140

———————

| | | |
|---|---|---|
| Estrella Valencia, also known as<br>Daniela Arevalo, | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General<br>of the United States, | * | |
| | * | |
| | * | |
| Respondent. | * | |

———————

Submitted: September 22, 2011
Filed: October 7, 2011

———————

Before LOKEN, BEAM, and MURPHY, Circuit Judges.

———————

MURPHY, Circuit Judge.

In December 2002, an immigration judge (IJ) found Estrella Valencia removable and granted her voluntary departure. Valencia failed to depart during the prescribed period and her removal order became final in April 2003. Six years later, Valencia moved to reopen her proceedings, arguing that her attorney had been ineffective in representing her. The IJ denied the motion and the Board of Immigration Appeals (BIA) dismissed Valencia's subsequent appeal, concluding that the motion to reopen had not been timely filed and no exceptional circumstances

warranted exercise of its discretionary authority to reopen proceedings sua sponte. Valencia petitions for review, and we deny the petition.

I.

Valencia, a citizen of the Philippines, entered the United States on a nonimmigrant visitor visa in March 1999. The record shows that Valencia states that she was brought to the United States as a domestic servant by an abusive Kuwaiti employer. She escaped the employer after arriving in the United States but continued living and working in this country.

In August 2002, removal proceedings were initiated against her because she had overstayed the authorized period of admission and had been employed without work authorization. Valencia retained attorney Robert Cox to represent her, and he requested voluntary departure. Valencia states that Cox told her she was eligible for a T visa for trafficking victims under 8 U.S.C. § 1101(a)(15)(T), but Cox never informed the IJ that Valencia would seek such a visa or requested additional time to apply for it. In December 2002, the IJ found Valencia removable and granted her voluntary departure. Valencia states that Cox repeatedly told her not to depart and that he had filed a "waiver." She did not leave the country and her voluntary departure period expired in April 2003, at which point her removal order became administratively final.

After the removal proceedings had concluded, Cox prepared a T visa application on Valencia's behalf. Although Valencia signed the application in February 2003, Cox did not file it until July 2003. The T visa application was missing crucial documentation. It was denied in April 2004 because Valencia had failed to establish that her presence in the United States was on account of trafficking as required by 8 U.S.C. § 1101(a)(15)(T)(i)(II). The denial letter stated that Valencia was ineligible because she could have departed the United States after escaping the

traffickers but had failed to do so without providing an explanation. Valencia eventually fired Cox, who was suspended from the practice of law in 2006. Valencia hired new counsel in January 2006.

At some point after her removal order had become final, Valencia married Edwin Saso, a lawful permanent resident who later became a United States citizen. Valencia and Saso filed an I-130 "Petition for Alien Relative," which was approved in December 2007.[1]

In March 2009 Valencia filed a motion to reopen her removal proceedings in immigration court based on a claim of ineffective assistance of counsel. Her motion focused on Cox's ineffectiveness in not raising the T visa claim during her removal proceedings but also requested that the IJ "grant her permanent residency based on her approved I-130 and her marriage to a United States Citizen." The IJ denied the motion in May 2009, stating that Valencia had failed to meet the requirements outlined in Matter of Compean, 24 I. & N. Dec. 710 (A.G. 2009), for reopening proceedings based on ineffective assistance of counsel. Compean was vacated a week later, and Valencia filed a motion to reconsider. The IJ denied the motion, acknowledging that Compean no longer controlled but concluding that Valencia's motion to reopen was untimely. It had been filed almost six years after the ninety day deadline.

Valencia appealed to the BIA. She characterized her motion to reopen as being based on the approval of the I-130, not the merits of the trafficking claim. She appeared to argue that she had been prejudiced by Cox's performance, not because of

---

[1]The approval of the I-130 is one step toward acquiring permanent resident status based on marriage to a United States citizen. The noncitizen must also apply to register for permanent residence or adjust status. Noncitizens who fail to depart voluntarily after receiving voluntary departure are ineligible to adjust status for a ten year period under 8 U.S.C. § 1229c(d)(1)(B).

his conduct in applying for the T visa, but because he caused her to "fail[] to depart the country as ordered." Valencia sought reopening to "set aside the removal order" so that she would be eligible for adjustment of status based on her approved I-130 petition.

The BIA dismissed Valencia's appeal after concluding that the motion was untimely and that Valencia had not presented "any exceptional situation that would have justified sua sponte reopening." Specifically, the BIA stated that Valencia's alleged eligibility for adjustment of status based on her approved I-130 petition, "obtained long after her removal order became final," was not an exceptional situation justifying disregard for the statutory deadline. The BIA also found that Valencia's ineffective assistance claim did not warrant sua sponte reopening because Valencia could not meet the requirements for immigration relief as a trafficking victim and because Valencia had failed to show that "ineffective assistance of counsel was the reason why she failed to file her motion to reopen in a timely manner." The BIA concluded that Valencia "filed her motion in 2009 simply because it took her that long to become eligible for adjustment of status."

Valencia now petitions for review of the BIA's denial of her motion to reopen, arguing that Cox's ineffectiveness amounted to exceptional circumstances which merit reopening.

II.

We review the BIA's denial of a motion to reopen for abuse of discretion, which occurs when the BIA "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008). A motion to reopen must be filed within ninety days of the date the order of removal becomes administratively final. 8 U.S.C. § 1229a(7)(C)(i);

-4-

8 C.F.R. § 1003.2(c)(2).  When ineffective assistance of counsel is the basis for the motion to reopen, Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988) sets forth the standard.  See Ochoa v. Holder, 604 F.3d 546, 548 n.1 (8th Cir. 2010).  Lozada requires that the motion include an affidavit detailing the agreement entered with former counsel, state that former counsel was informed of the allegations and given an opportunity to respond, indicate whether a complaint was filed with disciplinary authorities and give reasons if no complaint was filed, and demonstrate that counsel's performance prejudiced the outcome.  See Lozada, 19 I. & N. Dec. at 639–40.

If a motion to reopen is filed after the ninety day deadline, equitable tolling may be invoked to excuse lateness.  See Ortega-Marroquin v. Holder, 640 F.3d 814, 819 (8th Cir. 2011).  When the motion to reopen is based on ineffective assistance of counsel, however, "equitable tolling is sparingly invoked."  Pafe v. Holder, 615 F.3d 967, 969 (8th Cir. 2010) (quotation omitted).  It "is not available to those who sleep on their rights."  Habchy v. Gonzales, 471 F.3d 858, 866 (8th Cir. 2006).  The movant must not only show that she meets the Lozada requirements, but must also establish that she exercised due diligence.  See Pafe, 615 F.3d at 969 (discussing tolling in context of statutory deadline for motions to reopen based on in absentia removal orders).  We have found tolling inappropriate where the movant did not file the motion to reopen promptly after discovering former counsel's ineffectiveness.  See id. at 969–70.

The BIA did not abuse its discretion in denying the motion to reopen.  Its decision was based on Valencia's failure to file the motion within the statutorily prescribed time limits.  Valencia did not argue before the BIA that equitable tolling should apply, does not make that argument here, and conceded at oral argument that she cannot make the required showing.  While Valencia fired Cox after she realized that he was ineffective and retained her current counsel in 2006, she did not file her motion to reopen until 2009.  Valencia does not argue that she exercised due

-5-

diligence during the six year period between the filing deadline and the date she eventually filed her motion to reopen.

Even if Valencia had shown due diligence to excuse her lateness, she has not demonstrated prejudice, one of the requirements for reopening proceedings based on ineffective assistance of counsel. See Lozada, 19 I. & N. Dec. at 638. Valencia does not argue that but for Cox's failings, she likely would have succeeded on the merits of her trafficking claim. In fact, Valencia's argument before the BIA was not based on the trafficking claim, but instead sought to set aside the removal order so that she might be eligible to adjust her status based on her husband's United States citizenship. Her alleged eligibility for acquiring lawful status through her husband did not exist when Cox represented her during removal proceedings because she did not marry her husband until after the statutory deadline to reopen had passed. Cox's performance could not have prejudiced her from receiving a benefit that was not available to her at the time.

III.

The BIA acknowledged its discretionary authority to reopen proceedings on its own motion under 8 C.F.R. § 1003.2(a) in "exceptional situations," citing In re J-J-, 21 I. & N. Dec. 976, 984 (BIA 1997). It found no such circumstances present here. This court lacks jurisdiction to review the BIA's decision on its own motion whether or not to reopen proceedings, since that decision is "committed to agency discretion by law." Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir. 2008). Valencia argues that the regulation allowing the BIA to reopen cases on its own motion is unconstitutionally vague. Valencia did not raise this claim in her opening brief and indicated at argument that she was not pursuing it, and we decline to address it here.

While Valencia's allegations of her original attorney's deficient performance are troubling, the BIA did not abuse its discretion in denying Valencia's untimely

motion, and this court lacks jurisdiction to review the BIA's refusal to exercise its authority to reopen proceedings on its own motion.

IV.

Accordingly, we deny Valencia's petition for review.

_____