13-2610
Saydur v. Holder

BIA
Sichel, IJ
A070 895 062

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fifteen.

PRESENT:
    DENNIS JACOBS,
    SUSAN L. CARNEY,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges*.
_____

MD Saydur, AKA Mohammed Saydur,
        *Petitioner*,

        v.                                    13-2610
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Thomas Edward Moseley, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; John W. Blakeley, Senior
                       Litigation Counsel; Jesse Lloyd
                       Busen, Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

MD Saydur, a native and citizen of Bangladesh, seeks review of the June 14, 2013 decision of the BIA denying his motion to reopen. *In re MD Saydur a.k.a. Mohammed Saydur*, No. A070 895 062 (B.I.A. June 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for an abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An applicant may file a motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the 90-day limitation period does not apply to a motion to reopen that is "based on changed circumstances

arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1).

Here, it is undisputed that Saydur's motion to reopen was untimely because it was filed in April 2013, more than two years after the order of removal became final in November 2010. The BIA did not abuse its discretion in concluding that Saydur's failure to include an asylum application with his motion to reopen precluded it from considering his evidence of changed country conditions, as "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 178 (2d Cir. 2006) (An agency's interpretations of its own regulations are

3

accorded substantial deference).  The BIA also appropriately concluded that Saydur did not articulate a specific claim of persecution, as the declaration by Parikh and internet articles he submitted with his motion broadly address the treatment of Christians and religious minorities in Bangladesh, but do not establish whether a Muslim individual with a Christian wife and child would be subject to harm.  Finally, Saydur's argument that the Court should adopt a bright-line rule that "the denial of an unopposed, non-frivolous motion to reopen" is presumptively an abuse of discretion fails because the burden is on the movant to establish his entitlement to reopening and there is no statutory or regulatory requirement that the Government file an opposition.  *See* INA § 240(c)(7); 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(g)(3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk