# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2958

_____

Ashwani Saini

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 16, 2015
Filed: August 7, 2015
[Unpublished]

_____

Before BYE and SMITH, Circuit Judges, and SCHILTZ,[1] District Judge.

_____

PER CURIAM.

Ashwani Saini petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ's) denial of Saini's

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, sitting by designation.

motion to reopen his 1995 *in absentia* order for deportation. Saini contends the BIA should have equitably tolled the deadline for filing his motion to reopen. We deny Saini's petition.

I

Saini, a native and citizen of India, first entered the United States in 1992. After arriving, Saini filed an application for asylum with the Immigration and Naturalization Service (INS), but the INS denied his application and initiated deportation proceedings against Saini. Saini moved to Iowa in July 1994 and initially had residences in both Fairfield, Iowa, and Iowa City, Iowa.

On November 18, 1994, the INS issued an order to show cause charging Saini with being deportable as an alien who entered the United States without inspection. The order further informed Saini of his obligation to inform the immigration court of any change in his address and the consequences for failing to do so. Saini retained attorney Joseph Lopez Wilson in late 1994 to assist with his deportation proceedings. After retaining Lopez Wilson, Saini moved solely to his residence in Iowa City, Iowa, and informed Lopez Wilson of the address change. According to Saini, Lopez Wilson responded he would update Saini's address with the immigration court, but he failed to do so.

The immigration court then mailed a notice of hearing in Saini's deportation proceedings to Saini's Fairfield, Iowa, address—the last known address of Saini it had on file. Saini did not receive the notice, which set the hearing for September 26, 1995, and the postal service returned the notice to the immigration court as undeliverable. Consequently, neither Saini nor Lopez Wilson appeared at the hearing, and the IJ entered an order deporting Saini *in absentia*. Lopez Wilson thereafter filed an appeal with the BIA, but Saini contends he had no knowledge of

-2-

either the appeal or the order for deportation. The Board ultimately rejected this appeal.

Then, on October 8, 1996, Saini, with Lopez Wilson's assistance, filed a motion to reopen and/or reconsider with the immigration court. Saini maintains, however, he remained unaware of the order for deportation at that time. The IJ denied Saini's motion in June 1997, and Saini did not appeal this decision.

Saini then made a trip to Canada in 1999. When he attempted to reenter the United States, immigration officials informed him of the order for deportation and precluded him from reentering. Sometime between being denied reentry and speaking with his current attorney in 2009 while his wife was being naturalized, Saini claims he spoke with another attorney about his deportation case and that attorney informed him nothing could be done.

With the assistance of his current attorney, on March 26, 2010, Saini filed a second motion to reopen with the immigration court. In his motion, Saini asserted he failed to appear at the September 1995 hearing because Lopez Wilson provided ineffective assistance of counsel by failing to inform the immigration court of Saini's change of address. The IJ denied Saini's motion, finding even if Lopez Wilson provided ineffective assistance of counsel, Saini failed to demonstrate he acted with due diligence to equitably toll the filing deadline for his motion to reopen. Saini appealed the IJ's decision to the BIA, but the BIA affirmed and dismissed the appeal.

Saini then sought review from this Court. While the case was pending, the government filed an unopposed motion to remand the case for clarification regarding which actions the BIA deemed constituted ineffective assistance of counsel and whether Saini exercised due diligence in seeking to reopen his deportation proceedings based on exceptional circumstances. This Court granted the request for remand, and the BIA subsequently remanded the case to the IJ for further fact finding.

On October 23, 2012, the IJ again denied Saini's second motion to reopen. The IJ found Saini complied with the procedural requirements for raising a claim of ineffective assistance of counsel, but he failed to show the purported ineffective assistance of counsel caused his failure to appear at the September 1995 hearing. The IJ reasoned the order to show cause informed Saini of his obligation to notify the immigration court of any address change regardless of Lopez Wilson's actions. Further, the IJ determined Saini failed to exercise due diligence in pursuing his deportation case because he waited more than ten years after learning of the order for deportation before filing his motion to reopen. As a result, the IJ concluded Saini could not equitably toll the filing deadline for his motion.

Saini appealed the IJ's decision to the BIA. The BIA affirmed the IJ and dismissed Saini's appeal, finding even if Saini established ineffective assistance of counsel, he failed to exercise due diligence which warranted equitable tolling of the motion to reopen filing deadline. Saini now petitions for review of the BIA's decision, arguing the BIA's decision was an abuse of discretion.

II

"We review the BIA's decision to deny the motion to reopen for abuse of discretion." Strato v. Ashcroft, 388 F.3d 651, 654 (8th Cir. 2004); see also 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA], subject to the restrictions of this section. The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). "The BIA abuses its discretion where it gives no rational explanation for its decision; departs from its established policies without explanation; relies on impermissible factors or legal error; or ignores or distorts the record evidence." Alemu v. Mukasey, 509 F.3d 907, 909 (8th Cir. 2007).

Pursuant to the Immigration and Nationality Act (INA)[2], if an alien fails to appear at a deportation proceeding, the alien "shall be ordered deported under section 1252(b)(1) of this title in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable." 8 U.S.C. § 1252b(c)(1) (1994). Such an order "may be rescinded only—

> (A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2)), or

> (B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien."

Id. § 1252b(c)(3)(A)-(B).

Saini relies on § 1252b(c)(3)(A) and contends he provided exceptional circumstances—ineffective assistance of counsel—forgiving his failure to appear. See Habchy v. Gonzales, 471 F.3d 858, 862 (8th Cir. 2006) ("Ineffective assistance of counsel can constitute an 'exceptional circumstance' warranting rescission of an in absentia removal order."). He further maintains the BIA should have equitably tolled the 180-day deadline for filing until the time he filed his second motion to reopen in 2010. Specifically, Saini alleges he did not know of the order for deportation until 1999 when he attempted to reenter the United States from Canada. After he was denied reentry, he asserts he exercised due diligence by seeking the

---

[2]Deportation proceedings which commenced prior to April 1, 1997, are governed by pre-Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA) legislation, specifically the Immigration and Nationality Act.

advice of an attorney and then reasonably relying on that advice until he spoke with his current attorney in 2009.

"In general, a filing period may be equitably tolled if the applicant seeking such relief demonstrates that he has exercised due diligence in pursuing his case during the period he seeks to toll . . . ." Habchy, 471 F.3d at 865 (internal quotation marks omitted). Nonetheless, "[t]olling is an equitable doctrine, and it is not available to those who sleep on their rights." Id. at 866. This Court has yet to decide whether equitable tolling can be applied to the filing deadline of § 1252b(c)(3)(A). See Kanyi v. Gonzales, 406 F.3d 1087, 1090 (8th Cir. 2005) (discussing equitable tolling in relation to 8 U.S.C. § 1229a, the successor to § 1252b). Even if we were to assume its application here, however, Saini failed to prove he is entitled to such relief.

Assuming Lopez Wilson's alleged ineffective assistance constituted exceptional circumstances for purposes of § 1252b(c)(3)(A), to ascertain whether equitable tolling is appropriate in this case, we must first consider when Saini knew or should have known of Lopez Wilson's alleged deficient performance and then determine whether Saini exercised due diligence following that knowledge. See Kanyi, 406 F.3d at 1091 (finding due diligence required alien to file his motion to reopen within 180 days of when he knew or should have known his counsel's performance had been inadequate); see also Valencia v. Holder, 657 F.3d 745, 749 (8th Cir. 2011) ("We have found tolling inappropriate where the movant did not file the motion to reopen promptly after discovering former counsel's ineffectiveness."). Based on the facts in this case, the latest Saini could have gained knowledge of Lopez Wilson's deficient performance was 1999 when he attempted to reenter the United States. Although Saini claims he practiced due diligence by seeking the advice of an attorney, he failed to present any evidence indicating when he spoke with this attorney. Without providing this information or any other information about actions he took in pursuing his case, especially considering the more than ten-year span of time, we are left wondering whether Saini acted promptly or slept on his rights.

Consequently, Saini failed to carry his burden demonstrating that he acted with due diligence during this time period.  See Pafe v. Holder, 615 F.3d 967, 970 (8th Cir. 2010) (finding alien failed to show even reasonable diligence because she "waited nearly three years before hiring new attorneys to replace each of her ineffective ones and did not file her motion to reopen until over five years after it was due"); see also Hernandez-Moran v. Gonzales, 408 F.3d 496, 500 (8th Cir. 2005) (discussing the alien's burden to demonstrate equitable tolling).  The BIA therefore did not abuse its discretion by declining to equitably toll Saini's deadline for filing the motion to reopen.

III

For the foregoing reasons, we deny the petition for review.

_____