# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1687

_____

Martin Capiz-Fabian, also known as Martin Fabian Capiz

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 17, 2019
Filed: August 14, 2019

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

In 1988, Martin Capiz-Fabian ("Capiz"), a native and citizen of Mexico, filed an application for Temporary Resident Status as a Special Agricultural Worker ("SAW"). More than thirty years later, Capiz petitions us to hold that the Administrative Appeals Office ("AAO") erred in denying his appeal for failure to comply with the agency deadline. Capiz argues his appeal was timely under the

doctrine of equitable tolling. We conclude equitable tolling is not appropriate on the facts of Capiz's case and therefore deny his petition.

## I. Background

Capiz came to the United States in 1985. In 1988, Capiz filed a request for adjustment of status under the SAW program. 8 U.S.C. §1160. Capiz's application hit a snag when the Immigration and Naturalization Service ("INS") determined the application was missing a required human immunodeficiency virus ("HIV") serologic test result. INS mailed Capiz a request for the information at his address of record. INS rejected Capiz's SAW application once the 45-day deadline for submitting the test results had passed. Later in 1990, INS mailed Capiz a notice that his SAW application had been denied, but he claims he did not receive it.

Despite purportedly receiving *no communications* from INS — neither the denial of his application nor confirmation his application had been granted — Capiz did not take any action until 1995. That year, he visited an immigration office and inquired about updating his work permit. The office informed Capiz his case had been denied. The reference was likely about Capiz's SAW application, but Capiz "understood this to mean that the case that had been denied was renewing [his] *work permit*." (emphasis added). Capiz alleges that when he filed a Notice of Appeal of Decision in October of 1995, he remained confused and thought the appeal pertained to his work permit. The form had a section with instructions to "state reasons for this appeal." Capiz stated he was filing the appeal "because that is what [an INS office] told me to do."

Another eight years lapsed before Capiz took any further action other than the occasional renewal of his work permits. In 2003, an attorney obtained and reviewed copies of Capiz's records and observed Capiz's SAW application had been denied in 1990 for failing to comply with the HIV serologic test requirement. With the

attorney's help, Capiz took the required missing medical exam, completed the forms, and submitted them with a motion requesting acceptance of the late filing. At the time the information was submitted, Capiz's 1995 pro se appeal was still pending.

In July 2004, the AAO officially denied Capiz's 1995 appeal. In 2014, the Department of Homeland Security determined he was subject to removal. An Immigration Judge ("IJ") presided over a hearing in which Capiz acknowledged the IJ had no authority to grant him withholding of removal but asked for administrative closure or a continuance. The IJ denied Capiz's motions. Capiz appealed to the Board of Immigration Appeals ("BIA"). The BIA adopted and affirmed the IJ's decision and dismissed Capiz's appeal.

Capiz filed a petition for review with this court and initially raised several issues; however, he clarified at oral argument his only claim was whether equitable tolling should apply to make his appeal to the AAO timely. We have jurisdiction to review Capiz's SAW denial because it is accompanied by a deportation order. *See* 8 U.S.C. § 1160(e)(3)(A); *see also McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 485–86 (1991).

## II. Analysis

Capiz argues this court should hold equitable tolling applies to appeals to the AAO and enter an order directing the AAO to adjust Capiz's status because the basis for the denial of Capiz's appeal was untimely filing. Capiz cannot meet his burden to equitably toll the 30-day time limit and therefore we need not decide the broader legal question of whether equitable tolling applies to AAO appeals at all.

To qualify for the remedy of equitable tolling, a litigant "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005).  Equitable tolling "is not available to those who sleep on their rights."  *Habachy v. Gonzales*, 471 F.3d 858, 866 (8th Cir. 2006).  Large time lapses are a significant obstacle to establishing one has diligently pursued his rights.  *See Pafe v. Holder*, 615 F.3d 967, 969 (8th Cir. 2010) (denying equitable tolling claim when approximately six years had elapsed); *see also Saini v. Holder*, 621 F. App'x. 862 (8th Cir. 2015) (unpublished) (holding same where approximately ten years had elapsed).  Extraordinary circumstances are generally limited to those "truly beyond the control" of the party seeking to toll a deadline.  *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).  If the delay was caused merely by the petitioner's failure to update an address, it is not one beyond his or her control and hence not an extraordinary circumstance.  *See Hernandez-Moran v. Gonzales*, 408 F.3d 496, 499–500 (8th Cir. 2005) (finding the petitioner's nine-day delay in filing was not caused by an extraordinary circumstance when it resulted from the petitioner's failure to update his address).

The asserted cause of the five-year delay between the time INS denied Capiz's SAW application and when Capiz filed an appeal is that Capiz purportedly did not receive the denial notice.  Capiz had provided INS an address in Reading, Pennsylvania.  The record is unclear whether Capiz lived at the provided address in November 1990, when INS sent the denial notice.  Regardless of whether Capiz was living at the record address at the time INS sent the notice, his failure to receive it is not an extraordinary circumstance because either updating the agency with a correct address or more closely monitoring the mail were within his control.

Even if Capiz could establish he did not receive the notice due to a genuinely extraordinary, unavoidable circumstance, the extended lapses in time are evidence Capiz failed to diligently pursue his rights.  After conducting an interview with INS and filing paperwork to apply for adjusted status under the SAW program, Capiz did not receive any confirmation his application had been approved.  Capiz then waited more than five years before visiting an immigration office to inquire about his work

permit. We understand Capiz was working in the fields at the time and did not have his own transportation, but this is the only explanation Capiz offers for the delay. Considering the exacting standard of equitable tolling and the protracted duration of the delay, this explanation is deficient.

### III. Conclusion

For the reasons discussed above, we deny Capiz's petition.

_____