# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1803
_____

Mohamed Dahir Mohamed

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 2, 2021
Filed: November 5, 2021
[Unpublished]
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Somalian native and citizen Mohamed Dahir Mohamed petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision. The immigration judge denied his 2019 motion to reconsider his 2005 removal order, under 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. § 1003.23(b)(1), based on his former counsel's alleged ineffective assistance

in failing to legally challenge his removability charges. In this court, he raises constitutional claims and questions of law, which we generally have jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(D); see also Guerrero-Lasprilla v. Barr, 140 S. Ct. 1062, 1067, 1068-69 (2020) (concluding the phrase "questions of law" in § 1252(a)(2)(D) extends to mixed questions of law and fact involving "the application of a legal standard to undisputed or established facts," including a noncitizen's claim of due diligence for equitable tolling purposes). For the following reasons, we deny the petition, in part, and dismiss it, in part.

Mohamed conceded his motion was untimely by years, see 8 U.S.C. § 1229a(c)(6)(B) (thirty-day deadline), but he sought to equitably toll the deadline. Even assuming counsel's alleged ineffectiveness was an extraordinary circumstance, we conclude the BIA did not err when it determined Mohamed was not entitled to equitable tolling because the undisputed facts demonstrated he failed to exercise due diligence. See Capiz-Fabian v. Barr, 933 F.3d 1015, 1018 (8th Cir. 2019) (stating a litigant seeking to invoke equitable tolling must demonstrate some extraordinary circumstance stood in his way, and he diligently pursed his rights); Pafe v. Holder, 615 F.3d 967, 969 (8th Cir. 2010) (per curiam) (reiterating equitable tolling is "sparingly invoked" for ineffective-assistance-of-counsel claims in the immigration context); Habchy v. Gonzales, 471 F.3d 858, 864 (8th Cir. 2006) (citation omitted) (stating a noncitizen "must exercise due diligence in 'discovering the deception, fraud, or error' giving rise to the ineffective assistance of counsel"). Equitable tolling "is not available to those who sleep on their rights," Habchy, 471 F.3d at 866, and Mohamed's failure to take any action for over a decade, despite his lingering concerns, shows he failed to act with the requisite diligence, see Capiz-Fabian, 933 F.3d at 1018 ("Large time lapses are a significant obstacle to establishing [a noncitizen] has diligently pursued his rights."); Mwangi v. Barr, 934 F.3d 818, 821 (8th Cir. 2019) (concluding the complexities of immigration law did not excuse a noncitizen's inaction and delay in securing new counsel). As the BIA also recognized, Mohamed knew or should have known about the alleged ineffectiveness

in June 2018 at the latest, but he did not file his motion until over a year later, which further shows a lack of due diligence. See Mwangi, 934 F.3d at 821; Habchy, 471 F.3d at 866.

Even assuming, moreover, that Mohamed had a protected liberty interest in the discretionary grant of reconsideration, the record contradicts his argument that the agency violated his Fifth Amendment due process rights when making its due-diligence determination. See Sharif v. Barr, 965 F.3d 612, 618-19, 624-25 (8th Cir. 2020) (stating the BIA "is entitled to a presumption of regularity" and is not constitutionally required "to mention every piece of evidence that it considered" or "write an exegesis on every contention"); see also Ali v. Barr, 924 F.3d 983, 987 (8th Cir. 2019). For these reasons, we conclude the BIA did not err in denying Mohamed's motion to reconsider as untimely. See Habchy, 471 F.3d at 861.

To the extent Mohamed argues the agency erred by refusing to exercise its discretionary regulatory authority to reconsider his case sua sponte based on counsel's alleged ineffectiveness, we lack jurisdiction to review this challenge absent a colorable constitutional claim, which Mohamed did not raise. See Tamenut v. Mukasey, 521 F.3d 1000, 1001, 1003-05 (8th Cir. 2008) (en banc) (per curiam); Vue v. Barr, 953 F.3d 1054, 1057-58 (8th Cir. 2020); Valencia v. Holder, 657 F.3d 745, 748, 749 (8th Cir. 2011); Rafiyev v. Mukasey, 536 F.3d 853, 860-61 (8th Cir. 2008).

Accordingly, to the extent Mohamed argues the agency erred when it refused to equitably toll the deadline and violated his due process rights in reaching that decision, the petition is denied. To the extent Mohamed challenges the agency's refusal to grant reconsideration sua sponte, the petition is dismissed. See 8th Cir. R. 47B.

_____