# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2661
_____

Pablo Joaquin Dominguez Garcia

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 23, 2024
Filed: May 8, 2024
[Unpublished]
_____

Before LOKEN, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

On July 28, 2005, an Immigration Judge ordered Guatemalan citizen Pablo Joaquin Dominguez Garcia removed *in abstentia* when he failed to appear at his removal hearing. See 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1003.26(c). Over sixteen years later, Garcia moved to reopen and rescind the *in abstentia* removal order. The statute provides that an *in abstentia* order may only be rescinded:

(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in [8 U.S.C. § 1229a(e)(1)]), or

(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. § 1229(a)(1) or (2)] . . . .

8 U.S.C. § 1229a(b)(5)(C); see 8 C.F.R. §§ 1003.23(b)(4)(ii), (iii)(A)A(1), (2).

Garcia petitions for review of an order of the Board of Immigration Appeals upholding the Immigration Judge's denial of his motion to reopen and rescind.

Garcia first argues there was no time limit on his motion to reopen under § 1229a(b)(5)(C)(ii) because, in July 2005, the government did not provide a "proper" notice to appear and notice of hearing to an address that qualifies as a last known address under 8 U.S.C. § 1229(a). We decline to address this argument, raised for the first time in a petition for review. See Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (noting that, although the exhaustion requirement is not jurisdictional, this court will not address arguments raised for the first time in a petition for review where proceedings before the agency were adversarial in nature and petitioner was represented by counsel).

Second, Garcia argues that the obligation to file a motion to reopen within 180 days after the date of the *in absentia* order -- which otherwise applies under § 1229a(b)(5)(C)(i) -- should be equitably tolled by exceptional circumstances in this case, namely, the ineffective assistance of an attorney who advised Garcia in 2006 that "his case was closed, and nothing could be done," without telling him that an *in absentia* order Garcia allegedly did not receive had been entered, or that he had grounds for filing a motion to reopen and rescind. We have noted that "the doctrine

-2-

of equitable tolling is 'sparingly invoked' for ineffective-assistance-of-counsel claims" and have left open the question whether it applies at all to the reopening of *in absentia* removal orders. See Pafe v. Holder, 615 F.3d 967, 968-69 (8th Cir. 2010). But here, the BIA considered the ineffective assistance issue on the merits and concluded that Garcia "has not established that he was a victim of ineffective assistance of counsel," "did not sufficiently establish that the attorney he consulted provided ineffective assistance," and, by waiting over sixteen years to allege ineffective assistance, "did not exercise due diligence in seeking to reopen his removal proceedings."

Upon careful review of the administrative record as a whole, we conclude the BIA did not abuse its discretion in denying Garcia's untimely motion to reopen and rescind for failure to show that ineffective assistance of counsel was an "exceptional circumstance" warranting rescission of his *in absentia* removal order under 8 U.S.C. § 1229a(b)(5)(C). See Habchy v. Gonzalez, 471 F.3d 858, 861 (8th Cir. 2006). Accordingly, we deny the petition for review.

_____