# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3345

_____

Judith Etelvina Cancinos Guinac

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

No. 25-1336

_____

Judith Etelvina Cancinos Guinac

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Submitted: April 24, 2026
Filed: April 29, 2026
[Unpublished]

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated matters, Guatemalan citizen Judith Etelvina Cancinos Guinac petitions for review of an October 2024 order of the Board of Immigration Appeals (BIA) denying her motion to reopen and reissue a prior decision based on ineffective assistance of counsel (Appeal No. 24-3345); and a January 2025 order of the BIA denying a motion to reopen and remand to the immigration judge (IJ) for administrative closure (Appeal No. 25-1336).

Upon careful consideration, we find no basis to grant the petitions for review. See Quecheluno v. Garland, 9 F.4th 585, 588 (8th Cir. 2021) (denial of motion to reopen is reviewed for abuse of discretion). We conclude that the BIA's refusal in October 2024 to equitably toll the time limit for reopening and reissuing a 2003 decision was not an abuse of discretion. See Valencia v. Holder, 657 F.3d 745, 748 (8th Cir. 2011) (movant seeking to reopen based on ineffective assistance of counsel must, inter alia, establish she exercised due diligence); see also Pafe v. Holder, 615 F.3d 967, 969 (8th Cir. 2010) (per curiam) (equitable tolling is "sparingly invoked" for ineffective-assistance-of-counsel claims in the immigration context). We reject Cancinos Guinac's assertions that the BIA engaged in improper factfinding in resolving the motion to reopen and reissue, as the BIA was entitled to determine whether she was diligent in bringing the motion. See Mwangi v. Barr, 934 F.3d 818, 821 (8th Cir. 2019) (BIA has discretion to equitably toll deadline for filing motion to reopen if movant shows he exercised due diligence). Having determined she was not

diligent in bringing the motion, the BIA did not need to consider the merits of her ineffective-assistance claim. See Salat v. Garland, 32 F.4th 684, 689 (8th Cir. 2022) (noting that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach") (quoting INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam)). Finally, as we have determined that the BIA did not abuse its discretion in declining to equitably toll the motion to reopen and reissue, we also conclude Cancinos Guinac cannot show that the failure to consider the motion on the merits resulted in a due process violation. See Becerril-Sanchez v. Bondi, 127 F.4th 1099, 1113 (8th Cir. 2025) (no due process violation in denying motion to reopen where petitioner does not identify procedural error and cannot establish prejudice).

We also find no error in the BIA's decision in January 2025 to deny Cancinos Guinac's motion to reopen and remand for administrative closure. The BIA correctly construed the post-removal-order motion as one seeking reopening, rather than for administrative closure, see Quecheluno, 9 F.4th at 587 n.2 (noting administrative closure "is a docket management tool . . . used to temporarily pause removal proceedings") (internal quotation marks omitted); Estrada-Mederos v. Mukasey, 300 Fed. Appx. 517, 518 (9th Cir. 2008) (unpublished memorandum) (holding "administrative closure is not available after entry of a final order of removal"); and correctly determined that the motion was untimely and numerically barred, see 8 U.S.C. § 1229a(c)(7). Contrary to her assertions, our decision in Quecheluno does not dictate a different outcome. In any event, the record shows that the BIA considered the factors set forth in Matter of Avetisyan, 25 I&N Dec. 688 (BIA 2012), and concluded that administrative closure was not warranted; accordingly, Cancinos Guinac's claim that the BIA violated her due process rights by failing to adequately consider the Avetisyan factors necessarily fails, see Becerril-Sanchez, 127 F.4th at 1113. To the extent Cancinos Guinac intended to challenge the BIA's decision not to sua sponte reopen proceedings, the decision is not reviewable. See Yusuf v. Garland, 8 F.4th 738, 742 (8th Cir. 2021) (this court lacks jurisdiction to review

-3-

discretionary grant or denial of motion to reopen, but may review colorable constitutional claim); cf. Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir. 2008) (per curiam) (arguments cloaking abuse of discretion in constitutional garb are insufficient to justify judicial review).

The petitions for review are denied. See 8th Cir. R. 47B.

_____