# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-2696

EUSEBIO GUEVARA,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

———————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A91-816-037

———————

ARGUED MARCH 31, 2006—DECIDED JANUARY 8, 2007

———————

Before ROVNER, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Eusebio Guevara, a citizen of Honduras, petitions for review of a decision of the Bureau of Immigration Appeals ("BIA") reversing an immigration judge's ("IJ") discretionary grant of a waiver of removal under 8 U.S.C. § 1182(c). Guevara argues that the BIA applied the wrong standard of review and exceeded its authority by ordering his removal from the United States. We deny the petition for review.

## I. Background

Guevara is a Honduran who legally entered the United States in 1985 and became a lawful permanent resident in 1990. In 1991, while living in California, he was convicted

of retail theft after he shoplifted a pair of pants. In 1996, while living in Wisconsin, he was convicted of two counts of fourth-degree sexual assault in violation of section 940.225(3m) of the Wisconsin Statutes and sentenced to 63 days' imprisonment and 18 months of probation. In June 2004 Guevara left the United States to visit family in Honduras. Upon his return a month later, he was placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien removable for having been convicted of a crime involving moral turpitude.

An IJ found Guevara removable based upon his sexual assault convictions. Guevara sought a discretionary waiver of removal on the grounds of rehabilitation and economic hardship pursuant to the now-repealed 8 U.S.C. § 1182(c). This section, commonly referred to as § 212(c),[1] was repealed by the Immigration Reform and Immigrant Responsibility Act of 1996, but its repeal was subsequently held to be inapplicable to aliens, like Guevara, whose convictions were obtained by guilty plea prior to the Act's effective date of April 1, 1997. *INS v. St. Cyr*, 533 U.S. 289, 318-25 (2001) (holding that the repeal of § 212(c) had an impermissibly retroactive effect on aliens who pleaded guilty prior to the Act's effective date). Section 212(c) permitted certain classes of permanent resident aliens, otherwise removable, to be admitted "in the discretion of the Attorney General" if they were returning from a temporary and voluntary journey abroad to a "lawful unrelinquished domicile of seven consecutive years." Guevara's eligibility to seek a § 212(c) waiver is not at issue here.[2]

---

[1]  The former 8 U.S.C. § 1182(c) was § 212(c) of the Immigration and Nationality Act of 1952.

[2]  The Department of Homeland Security has promulgated a rule limiting the discretion of IJs to grant § 212(c) waivers in

(continued...)

After a hearing at which Guevara was the only witness, the IJ weighed the positive and negative equities presented by the case and elected to grant Guevara a discretionary § 212(c) waiver of removal. The government appealed to the BIA, which adopted the IJ's findings of fact but reversed his weighing of the factors pertaining to the discretionary waiver of removal. The BIA concluded that the negative equities outweighed the positive to the extent that Guevara should not receive a discretionary waiver. The BIA did not remand the matter to the IJ for further action; instead, the BIA's decision included an order removing Guevara from the country.

In his petition for review, Guevara argues that the BIA exceeded its legal authority in two ways. First, he contends the BIA applied the wrong standard of review when it reversed the IJ's discretionary grant of the § 212(c) waiver. Second, he contends the BIA was not authorized to order him removed from the country when such an order was not first entered by the IJ.

## II. Discussion

### A. Discretionary Grant of § 212(c) Waiver of Removal

Subject to certain exceptions not pertinent here, this court has no jurisdiction to review the merits of the BIA's

---

[2] (...continued)

certain instances, but the government does not contend that Guevara falls within any of the enumerated categories that would render him ineligible to invoke the protections of the repealed section. *See* 8 C.F.R. § 1212.3. For further restrictions on the eligibility for a § 212(c) waiver not applicable here, see *Matter of Blake*, 23 I. & N. Dec. 722 (BIA 2005).

exercise of discretion. 8 U.S.C. § 1252(a)(2)(B);[3] *see Jarad v. Gonzales*, 461 F.3d 867, 869 (7th Cir. 2006). Further, under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," the section applicable to Guevara's case. Recognizing these jurisdictional limitations, Guevara characterizes his first argument as a challenge to an error of law on the part of the BIA, which *is* reviewable pursuant to 8 U.S.C. § 1252(a)(2)(D) notwithstanding the limitations just mentioned. Specifically, Guevara argues that the BIA applied an incorrect standard of review in reversing the IJ's decision granting the waiver of removal.

Pursuant to 8 C.F.R. § 1003.1(d)(3), an IJ's findings of fact are subject to a clearly erroneous standard of review by the BIA, but "the Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." Guevara claims the BIA improperly rejected facts found by the IJ by failing to apply the clearly erroneous standard of review. This argument rests on a misreading of both the IJ's decision and the BIA's.

The IJ's decision lists what he identified as the positive and negative factors in Guevara's case that should be balanced in the exercise of discretion under § 212(c).[4] The

---

[3]  This section provides in pertinent part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."

[4]  The IJ's identification of the factors pertinent to the balancing of equities was drawn from the BIA's decisions in *Matter of*

(continued...)

negative factors weighing against a waiver were Guevara's criminal convictions—especially the more serious sexual assault convictions—and his denial before the IJ that he actually committed the sexual assaults. On this latter point, Guevara acknowledged at his hearing that he pleaded guilty to the sexual assault charges but said he did so on the advice of his attorney; he denied that he actually committed the offenses. The IJ identified the following positive factors: the duration of Guevara's residence in the United States (over nineteen years at the time of decision), his steady employment during that time, the lack of any criminal convictions in the eight years following his sexual assault convictions, his credible expression of remorse for his crimes,[5] and the economic difficulties that would accompany Guevara's return to Honduras. The IJ concluded that "the equities do outweigh the negative factors represented by his convictions." With respect to the passage of time since Guevara's last criminal conviction, the IJ held as follows:

> The record indicates that he has not been convicted of any crime since 1996. I think, therefore, that it can be said that the respondent has been reformed so that he has chosen a way of life where future criminal misconduct is unlikely because he has not been involved in criminal misconduct since his November of 1996 conviction.

---

[4] (...continued)
*Edwards*, 20 I. & N. Dec. 191 (BIA 1990), and *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978).

[5] The IJ's finding that Guevara was remorseful is difficult to reconcile with Guevara's denial that he committed the sexual assaults, which the IJ identified as a negative factor that weighed against a discretionary waiver of removal.

On appeal, the BIA addressed both the IJ's factfinding and his balancing of the pertinent factors as follows:

> In accordance with *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978), the Immigration Judge sufficiently set forth the positive and negative factors presented in this case. We adopt those findings [citation omitted]. However, upon weighing those factors, we agree with the DHS that the respondent does not merit a discretionary grant of a section 212(c) waiver. *See Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988). We acknowledge the difficult conditions in Honduras, the respondent's long residence in the United States, his employment history, and the financial support he provides his family. *In this case, we consider rehabilitation to be a neutral factor.* On the one hand, 9 years have passed since the respondent's criminal conduct. On the other hand, he still has not fully acknowledged his wrongdoing. All in all, the seriousness of the respondent's sexual assault convictions, as well as the circumstances of those offenses, outweigh the favorable equities in this case.

(Emphasis added.)

The issue Guevara raises here centers on the sentence we have emphasized in the paragraph quoted above from the BIA's decision. Guevara argues that the IJ found as a matter of fact that he had "reformed" or "rehabilitated" himself in the years following his conviction and the BIA failed to apply the clearly erroneous standard of review to that finding. According to Guevara, the BIA simply disagreed with the IJ's finding of rehabilitation and rejected it out of hand, rather than finding it to be clearly erroneous under the more demanding standard of review applicable to an IJ's factfinding. The government responds that the BIA did not reject the IJ's factfinding but simply concluded that the IJ had given the matter of

rehabilitation too much weight when balancing the equities.

We do not read the BIA's decision as a rejection of the IJ's factfinding on rehabilitation; to the contrary, the decision specifically adopted the IJ's findings on the positive and negative factors in Guevara's case. Rather, the BIA reweighed the positive and negative factors and concluded that rehabilitation was a neutral factor rather than a positive one. The BIA determined that the IJ had given undue weight to Guevara's rehabilitation vis-à-vis the negative factors in his case. The relative weight of Guevara's rehabilitation in the balancing process is not "factfinding" subject to the clearly erroneous standard of review; it is a matter of discretion and judgment and is subject to de novo review by the BIA. Accordingly, the BIA did not apply the incorrect standard of review in reversing the IJ's discretionary grant of the removal waiver.

**B.  The BIA's Order of Removal**

Guevara next argues that the Board had no authority to order his removal from the country when no such order had been entered in the first instance by the IJ. The IJ held that Guevara was "subject to removal" pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) by virtue of having committed a crime of moral turpitude. However, the IJ did not order Guevara's deportation—notwithstanding his removability—but instead granted the discretionary waiver of removal discussed above. The BIA, having concluded on appeal that the IJ improperly balanced the equities in making the waiver decision, reversed the discretionary grant of relief and ordered Guevara "removed from the United States to Honduras." Guevara now argues that the power to enter such an order rests solely with the IJ and not the BIA. In support of his argument, Guevara

cites a Ninth Circuit case holding that the BIA is restricted to affirming or reversing orders of removal, not issuing them in the first instance. *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 940 (9th Cir. 2004).

But the Second, Fifth, and Eighth Circuits have held otherwise on this issue, and we agree with the conclusions of these circuits. *See Lazo v. Gonzales*, 462 F.3d 53, 54-55 (2d Cir. 2006); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 600-01 (5th Cir. 2006); *Solano-Chicas v. Gonzales*, 440 F.3d 1050, 1054 (8th Cir. 2006). As recognized in these opinions, the conclusion that the BIA has the authority to enter the order it did in Guevara's case flows from the definition of "order of deportation" contained in the Immigration and Naturalization Act: "The term 'order of deportation' means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, *concluding that the alien is deportable* or ordering deportation." 8 U.S.C. § 1101(47)(A) (emphasis added).

This section also provides that an "order of deportation," as defined above, "shall become final upon the earlier of a determination by the Board of Immigration Appeals affirming such order" or the expiration of the time to appeal to the BIA. 8 U.S.C. § 1101(47)(B). For purposes of this section, the phrase "special inquiry officer" is synonymous with an IJ, *see* 8 C.F.R. § 1.1(l), and the phrase "deportable" is synonymous with the term "removable," *see Evangelista v. Ashcroft*, 359 F.3d 145, 147 n.1 (2d Cir. 2004)*; Avila-Macias v. Ashcroft*, 328 F.3d 108, 111-12 (3d Cir. 2003). Thus, if an IJ decides that an alien is removable but does not ultimately order removal due to a grant of a waiver, cancellation, or the like, the decision that the alien is removable is nonetheless an "order of deportation" that may be affirmed by the BIA. *See Solano-*

*Chicas*, 440 F.3d at 1054 ("Thus, it follows that where the BIA reverses the IJ's order granting cancellation of removal, the BIA, in essence, gives effect to the IJ's order of removability, for the BIA decision eliminates the impediments to removal."); *Lazo*, 462 F.3d at 54 ("[T]he BIA did not 'order' Lazo's removal (as Lazo characterizes the order); the BIA has removed an impediment to the removal that was ordered by the IJ."); *Delgado-Reynua*, 450 F.3d at 601 ("We join the Eighth Circuit in concluding that where the BIA reverses an IJ's grant of discretionary relief and gives effect to the IJ's original order of removability, the BIA has merely eliminated 'impediments to removal' and effected the original removal order.").

In Guevara's case, the IJ initially determined that Guevara was removable for having committed a crime involving moral turpitude. Pursuant to 8 U.S.C. § 1101(47)(A), this threshold determination constituted an order of deportation (i.e., removal) that could be given effect by the BIA once it reversed the IJ's subsequent conclusion that Guevara was entitled to a discretionary waiver of removal pursuant to § 212(c). In other words, the BIA rejected only the waiver determination in the IJ's decision, leaving the IJ's first holding—that of removability—intact. The BIA was thus empowered to order Guevara removed to Honduras.

The petition for review is DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*