# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2601

No. 18-3202

_____

Carlos Enrique Urrutia Robles

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of Orders of the
Board of Immigration Appeals

_____

Submitted: June 11, 2019
Filed: October 8, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

The Department of Homeland Security ("DHS") placed Carlos Enrique Urrutia Robles, a native and citizen of Mexico, in removal proceedings following his arrest for injuring a pedestrian while driving under the influence. Urrutia conceded removability and applied for cancellation of removal. See 8 U.S.C. § 1229b. The Immigration Judge ("IJ") granted relief, and DHS appealed. Reviewing the IJ's

discretionary determination *de novo*, the Board of Immigration Appeals ("BIA") denied cancellation, ordered Urrutia removed to Mexico, and subsequently denied his timely motion to reopen proceedings. Urrutia petitions for review of both BIA orders. We deny the petitions for review.

The Attorney General may grant discretionary cancellation of removal to a non-permanent resident if he has been continuously present in this country for ten years; has been a person of good moral character; has not been convicted of enumerated criminal offenses; and shows that his removal "would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Congress has limited our jurisdiction to review the Attorney General's exercise of this discretionary authority, § 1252(a)(2)(B)(i), but we may review "constitutional claims or questions of law," § 1252(a)(2)(D). We lack jurisdiction if the petitioner seeking review has "attempted to create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb." Hernandez-Garcia v. Holder, 765 F.3d 815, 816 (8th Cir. 2014) (quotation omitted).

After a removal hearing, the IJ found that Urrutia satisfied the four eligibility requirements of § 1229b(b)(1). Turning to whether the attorney general's discretion should be exercised, the IJ noted that Urrutia has "significant negative factors," including two DUI convictions in 1996 and 2004, "continued issues with alcohol," and a pending DUI charge after he struck a pedestrian who suffered "significant traumatic brain injury." However, the IJ concluded that these negative factors were outweighed by positive factors, including that Urrutia "appears committed to resolving his problems with alcohol," and granted Urrutia § 1229b relief.

DHS appealed to the BIA, arguing the IJ "erred by granting [Urrutia's] application for cancellation of removal as a matter of discretion." The BIA sustained the DHS appeal. After correctly stating the applicable standard of review, the BIA discussed in detail the positive and negative factors relevant to whether Urrutia

warranted exercise of the Attorney General's discretion. Reviewing the IJ's exercise of discretion *de novo*, the BIA concluded that Urrutia's "repeated incidents of driving under the influence of alcohol and his lack of rehabilitation are simply too serious to warrant relief in the exercise of discretion." Urrutia filed a timely motion to reopen the proceedings, submitting new evidence that he completed alcohol rehabilitation programs and letters of support from rehabilitation supervisors. The BIA denied the motion to reopen, explaining that Urrutia's new evidence of "his resolve to live a sober life, is insufficient to overcome the recency and seriousness of his criminal record." Urrutia petitions for review of both adverse decisions.

## I. The BIA's Initial Decision.

The Attorney General's procedural regulations provide that the BIA reviews "findings of fact determined by an immigration judge" for clear error but reviews "questions of law, discretion, and judgment and all other issues in appeals" de novo. 8 C.F.R § 1003.1(d)(3). This regulation instructs that the BIA "not engage in factfinding in the course of deciding appeals." § 1003.1(d)(3)(iv). Urrutia argues the BIA's initial decision violated this governing standard of review by reviewing the IJ's implicit "predictive finding" of future rehabilitation *de novo* and substituting the BIA's contrary findings regarding rehabilitation.

This procedural regulation was adopted in September 2002 "to restrict the introduction and consideration of new evidence in proceedings before the BIA . . . not the reevaluation of evidence obtained by the IJ previously." Belortaja v. Gonzalez, 484 F.3d 619, 625 (2d Cir. 2007) (cleaned up); accord Lin v. Mukasey, 517 F.3d 685, 692 n.10 (4th Cir. 2008). "The regulation was not intended to restrict the BIA's powers of review, including its power to weigh and evaluate evidence introduced before the IJ." Rotinsulu v. Mukasey, 515 F.3d 68, 73 (1st Cir. 2008).

Here, the BIA in its initial decision did not reject the IJ's findings of fact, including what Urrutia describes as an implicit "predictive finding" that Urrutia "is committed to resolving his problems with alcohol." The IJ explicitly weighed Urrutia's efforts at rehabilitation as a positive factor in the exercise of discretion. Evaluating the same record, but placing greater weight on evidence not discussed in the IJ's decision, the BIA concluded Urrutia "has not shown that he has been rehabilitated" from his "serious history of driving under the influence of alcohol." Therefore, the BIA explained, his sporadic efforts to stop drinking did not outweigh his lengthy criminal history, including the recent incident in which he seriously injured a pedestrian. The BIA did not evaluate any evidence not in the record before the IJ. It simply weighed and evaluated that evidence and came to a different conclusion regarding exercise of the Attorney General's discretion, an issue the BIA reviews *de novo* under 8 C.F.R § 1003.1(d)(3). Thus, rather than presenting a colorable question of legal error, Urrutia "really challenges the discretionary conclusion of the BIA against him," a challenge that is beyond our jurisdiction. Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011), cert. denied, 565 U.S. 1114 (2012); see Wallace v. Gonzalez, 463 F.3d 135, 141 (2d Cir. 2006).

## II. Denial of the Motion to Reopen.

The Attorney General's regulations grant the BIA discretion to grant a timely motion to reopen. 8 C.F.R. § 1003.2. Although 8 U.S.C. § 1252(a)(2)(B)(i) limits our jurisdiction to review the Attorney General's exercise of his statutory discretion to grant cancellation of removal, the Supreme Court has confirmed that this statute did not remove the long-exercised judicial authority to review the BIA's denial of an alien's motion to reopen under a deferential abuse of discretion standard. Kucana v. Holder, 558 U.S. 233, 242, 253 (2010).

There are at least three independent grounds on which the BIA may deny a motion to reopen. Poniman v. Gonzales, 481 F.3d 1008, 1011 (8th Cir. 2007). Two

grounds are not at issue in this case -- the movant has failed to establish a prima facie case for the relief sought, or has not supported the motion to reopen with previously unavailable, material evidence. This case involves the third ground: "in cases in which the ultimate grant of relief is discretionary . . . the BIA may leap ahead, as it were, over the two threshold concerns . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." INS v. Abudu, 485 U.S. 94, 105 (1988). "Given the subsequently passed jurisdiction-stripping provisions of § 1252, there may be some question as to whether our jurisdiction still extends" to review of the denial of a motion to reopen a cancellation-of-removal proceeding based on this third ground. Vargas v. Holder, 567 F.3d 387, 390 n.6 (8th Cir. 2009). That is particularly true in this case because, unlike the petitioner in Vargas, Urrutia also petitioned for review of the decision that his motion sought to reopen, and we have concluded that we lack jurisdiction to review the merits of that initial decision. However, we assume without deciding that we have jurisdiction to review for abuse of discretion the BIA's denial of his motion to reopen.

Urrutia argues the BIA abused its discretion in denying his motion to reopen instead of remanding to the IJ to consider his new evidence of rehabilitation. Unlike the issue presented in Vargas, Urrutia did not move to reopen based on "new evidence [that] provides a completely new basis for seeking cancellation of removal." Id. at 390. Rather, he simply urged the BIA to remand so the IJ could consider stronger evidence of rehabilitation to support his initial claim for discretionary relief. The BIA denied the motion because Urrutia failed to satisfy his burden to show that this new evidence "would likely change the result in the case." The BIA explained that Urrutia's "proffered evidence . . . is insufficient to overcome the recency and seriousness of his criminal record." Contrary to Urrutia's contention on appeal, the BIA "followed its established policy." Vargas, 567 F.3d at 391, citing Matter of Coelho, 20 I. & N. Dec. 464, 472–72 (BIA 1992).

-5-

Motions to reopen removal proceedings are disfavored because of "the strong public interest in bringing litigation to a close." Gebremaria v. Ashcroft, 378 F.3d 734, 737 (8th Cir. 2004). Here, the BIA had the final authority to decide whether to grant Urrutia discretionary cancellation-of-removal relief. Thus, the procedure urged in his motion to reopen -- remand so that the IJ could reconsider a discretionary decision the BIA would then review -- would entail lengthy delay and unnecessary agency procedure unless the BIA is allowed to "leap ahead" and simply determine that the new evidence would not entitle him to the discretionary grant of relief, a decision we have no jurisdiction to review on the merits. In these circumstances, the BIA did not abuse its discretion in denying the motion to reopen. Its decision "was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct of [Urrutia]." I.N.S. v. Rios-Pineda, 471 U.S. 444, 451–52 (1985).

For the foregoing reasons, we deny the petitions for review.

KELLY, Circuit Judge, dissenting.

Urrutia argues the BIA incorrectly reviewed the IJ's factual findings de novo rather than for clear error, and engaged in impermissible fact finding. I agree.

This Court has jurisdiction to decide whether the BIA applied the correct standard of review to the IJ's decision. Waldron v. Holder, 688 F.3d 354, 360 (8th Cir. 2012). "We review this question *de novo*, considering both the standard recited by the Board and the Board's analysis." Garcia-Mata v. Sessions, 893 F.3d 1107, 1109 (8th Cir. 2018). The BIA conducts de novo review of questions of law, discretion, and judgment. Waldron, 688 F.3d at 360 (citing 8 C.F.R. § 1003.1(d)(3)(ii)). However, the BIA must accept as true all facts determined by the IJ unless they are clearly erroneous. Id. (citing 8 C.F.R. § 1003.1(d)(3)(i)). The IJ's findings of fact "may not be overturned simply because the Board would have

-6-

weighed the evidence differently or decided the facts differently had it been the factfinder." Id. (quoting In re R–S–H, 23 I. & N. Dec. 629, 637 (BIA 2003). The BIA has no authority to engage in fact finding, except to take administrative notice of commonly known facts. Id. (citing Nabulwala v. Gonzales, 481 F.3d 1115, 1118 (8th Cir. 2007); 8 C.F.R. § 1003.1(d)(3)(iv)).

Here, the BIA did not simply reweigh the record evidence and reach a different discretionary conclusion from the IJ. Instead, it made contradictory factual findings. Key to Urrutia's case was the concern about his alcohol use and related legal troubles, including DUIs, one of which caused serious injury. The IJ heard all of the evidence and found that Urrutia "appears committed to resolving his problems with alcohol." The IJ also found that Urrutia expressed "genuine remorse for his actions" and understood "the gravity of what he has done."

The BIA disregarded these factual findings and substituted its own. It concluded that Urrutia "has not shown that he has been rehabilitated" and that he "still had not made a decision whether to stop drinking." These findings contradict those of the IJ, whether directly or implicitly. The BIA has "discretion to weigh the IJ's factual findings differently than the IJ" when deciding whether to grant relief. Waldron, 688 F.3d at 361. But, as we have noted, "there is a difference between weighing the factual findings of the IJ and reweighing the underlying evidence and testimony behind those findings to reach new factual conclusions." Id. Here, the BIA did the latter.

The BIA could have rejected the IJ's findings as clearly erroneous. See id. ("If the BIA did not wish to rely on the IJ's finding[s] . . . it needed to explain why those determinations were clearly erroneous based on the evidence presented to the IJ."). The BIA also could have reweighed the positive and negative factors to reach a different discretionary conclusion on Urrutia's application for cancellation of removal. See e.g., Guevara v. Gonzales, 472 F.3d 972, 975 (7th Cir. 2007). But what

the BIA could not do is disregard the IJ's fact finding and then engage in its own fact finding to decide that Urrutia's application for cancellation of removal should be denied. For this reason, I would grant Urrutia's petition and remand to the BIA to discharge its statutory duty to review the IJ's findings for clear error and remand to the IJ for additional fact finding, if appropriate. See Waldron, 688 F.3d at 361.

_____