**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1889**

ONAN ENRIQUE GUILLEN NUNEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 30, 2020                                 Decided: April 17, 2020

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Benjamin J. Osorio, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Liza S. Murcia, Senior Litigation Counsel, Colette J. Winston, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Onan Enrique Guillen Nunez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) sustaining the Department of Homeland Security's (DHS) appeal and reversing the immigration judge's (IJ) grant of Guillen Nunez's application for cancellation of removal. For the reasons set forth below, we deny the petition for review.

On appeal, Guillen Nunez claims that the Board exceeded its scope of review in reversing the grant of his application for cancellation of removal by ignoring the IJ's factual findings and impermissibly engaging in its own factfinding.[1] Based on our review of the record, we conclude that the Board properly applied the standards of review set forth in 8 C.F.R. § 1003.1(d)(3) (2018). *See Urrutia Robles v. Barr*, 940 F.3d 420, 422 (8th Cir. 2019) ("The [Board] did not evaluate any evidence not in the record before the IJ. It simply weighed and evaluated that evidence and came to a different conclusion regarding exercise of the Attorney General's discretion, an issue the [Board] reviews *de novo* under 8 C.F.R. § 1003.1(d)(3)."); *Li Fang Lin v. Mukasey*, 517 F.3d 685, 692 n.10 (4th Cir. 2008) (noting that the Attorney General's comments to § 1003.1(d)(3)(iv) make clear that the regulation

---

[1] Although we generally lack jurisdiction to review a discretionary denial of a request for cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i) (2018), "whether the Board has applied the proper standard of review is a question of law for purposes of [8 U.S.C.] § 1252(a)(2)(D) [2018]." *Cruz-Quintanilla v. Whitaker*, 914 F.3d 884, 889 (4th Cir. 2019); *see* 8 U.S.C. § 1252(a)(2)(D) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals").

was intended to bar the introduction and consideration of new evidence before the Board as opposed to restricting the reevaluation of evidence already obtained by the IJ).

We therefore deny the petition for review.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[2] Guillen Nunez also argues that his conviction for buying or receiving a stolen firearm under Va. Code Ann. § 18.2-108.1 is not an aggravated felony under the Immigration and Nationality Act. The IJ, however, resolved this issue in Guillen Nunez's favor, and the Board declined to address it on appeal. There is therefore no adverse decision for us to review.