# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1504
_____

Carlos Enrique Urrutia Robles

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 21, 2021
Filed: January 26, 2022

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

The Department of Homeland Security (DHS) placed Carlos Enrique Urrutia Robles in removal proceedings following his arrest for injuring a pedestrian while driving under the influence. Urrutia conceded removability and applied for exercise of the Attorney General's discretion to grant cancellation of removal. See 8 U.S.C. § 1229b. After a hearing, the Immigration Judge (IJ) found that Urrutia satisfied the four eligibility requirements of § 1229b(b)(1). Turning to exercise of the Attorney

General's discretion, the IJ concluded that Urrutia's "significant negative factors" were outweighed by positive factors and granted relief. DHS filed an administrative appeal. Reviewing the IJ's discretionary determination *de novo*, the Board of Immigration Appeals (BIA) denied cancellation of removal, ordered Urrutia removed to Mexico, and subsequently denied his timely motion to reopen proceedings.

Urrutia petitioned for review of both BIA orders. We denied the petition, concluding that we lacked jurisdiction to overturn the BIA's initial discretionary decision, and that the BIA did not abuse its discretion in denying Urrutia's motion to reopen. Urrutia Robles v. Barr, 940 F.3d 420, 424 (8th Cir. 2019) (Urrutia I), cert. denied, 141 S. Ct. 1047 (2021). Nearly three months after we decided Urrutia I, Urrutia filed a second motion with the BIA to reopen the proceedings, arguing that newly discovered evidence warranted reopening and that his due diligence and extraordinary circumstances "should compel statutory tolling of the time and number limits" on motions to reopen. See 8 C.F.R. § 1003.2(c)(2) and (3). On March 6, 2020, the BIA denied Urrutia's second motion to reopen his cancellation of removal application. The Decision explained that, in its prior final administrative decision:

> [w]e balanced the respondent's equities and negative factors before concluding that he did not warrant discretionary relief, given his repeated driving under the influence ("DUI") offenses, including a 2017 accident resulting in a pedestrian suffering a traumatic brain injury and fractured leg.

Stating that it "considered both of [Urrutia's] filings in our decision," the BIA concluded (i) Urrutia "has not demonstrated that an exception to the time and number limits applies"; (ii) because "the supplemental evidence is not likely to change the outcome of the proceedings, it does not warrant a new hearing"; and (iii) Urrutia "has not established an exceptional situation warranting sua sponte reopening" under 8 C.F.R. § 1003.2(a) (2020). Urrutia petitions for review of the denial of his second motion to reopen. We deny the petition for review.

Motions to reopen removal proceedings are disfavored because there is a "strong public interest" in litigation finality. Urrutia I, 940 F.3d at 423, quoting Gebremaria v. Ashcroft, 378 F.3d 734, 737 (8th Cir. 2004). Reflecting that disfavor, Congress in the Immigration and Nationality Act has imposed both number and time limitations on motions to reopen: in a removal proceeding, a petitioner may file one motion to reopen proceedings which generally must be filed within 90 days of the final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(A) and (C)(i); 8 C.F.R. § 1003.2(c)(2) (2020). We review the BIA's denial of a motion to reopen for abuse of discretion. Kucana v. Holder, 558 U.S. 233, 242, 253 (2010).

Equitable tolling extends many deadlines for parties who were prevented from complying with the deadline for reasons beyond their control. Capiz-Fabian v. Barr, 933 F.3d 1015, 1018 (8th Cir. 2019). "To qualify for the remedy of equitable tolling, [Urrutia] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (cleaned up), quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Urrutia argues the BIA abused its discretion in denying his second, untimely motion to reopen by failing to address his equitable-tolling argument. Decisions in other circuits are inconsistent as to whether equitable tolling applies to numerical limitations on motions to reopen. See Tapia-Martinez v. Gonzales, 482 F.3d 417, 422–23 (6th Cir. 2007). In Habchy v. Gonzales, 471 F.3d 858, 864 (8th Cir. 2006), we declined to reach this issue, denying the petition for review on other grounds. Likewise, we need not address this issue in this case. The BIA denied the second motion to reopen on a proper ground -- because Urrutia "again has not shown that he merits discretionary relief."

Urrutia's primary argument to this court is that, because the BIA's three-paragraph decision failed to assess or even acknowledge his core claim that the time and number limitations should be equitably tolled, "Eighth Circuit precedent requires remand," citing Ortega-Marroquin v. Holder, 640 F.3d 814, 820 (8th Cir. 2011). But

Urrutia misreads this decision. Ortega petitioned for review of a BIA decision vacating its prior *sua sponte* order granting Ortega's untimely motion to reopen as contrary to the "departure bar" regulation found in 8 C.F.R. § 1003.2(d). Ortega's petition for review argued the departure bar regulation is unconstitutional. The government argued Ortega's original motion was untimely. Ortega responded the 90-day filing deadline was subject to equitable tolling because he received ineffective assistance of counsel, an issue the BIA had not addressed. Concluding that validity of the departure bar "would be before this court" only if the 90-day deadline was equitably tolled, we remanded to the BIA to address that issue. Far from being a decision that we must remand whenever the BIA fails to address an equitable tolling issue that was properly raised, Ortega-Marroquin simply applied the time-honored rule that a reviewing court "must judge the propriety of [an agency] action solely by the grounds invoked by the agency." 640 F.3d at 820, quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

Here, other than correctly noting that Urrutia "has not demonstrated that an exception to the time and number limits applies," the BIA did not address his claim that equitable tolling excuses his failure to comply with those limits. But the BIA did not need to address the issue. There are at least three independent grounds on which the BIA may deny a motion to reopen -- failure to establish a *prima facie* case for the relief sought; failure to introduce previously unavailable, material evidence; or, "in cases in which the ultimate grant of relief is discretionary . . . the BIA may leap ahead, as it were . . . and simply determine that even if [the first two concerns were met], the movant would not be entitled to the discretionary grant of relief." INS v. Abudu, 485 U.S. 94, 104-05 (1988); see generally Matter of Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992).

Here, the BIA concluded that the supplemental evidence Urrutia offered in support of his second motion to reopen "is not likely to change the outcome of the proceedings," that is, the denial of a discretionary grant of cancellation of removal.

In <u>Robles I</u>, we noted that we lacked jurisdiction to review the initial discretionary decision; we assumed without deciding we had jurisdiction to review the denial of Urrutia's first motion to reopen for abuse of discretion; and we denied the petition for review of that decision. We explained that Urrutia had urged the BIA to remand for consideration of "stronger evidence of rehabilitation to support his initial claim for discretionary relief," and the BIA denied the motion because he "failed to satisfy his burden to show that this new evidence 'would likely change the result in the case.'" 940 F.3d at 423.

As the BIA concluded, the same analysis applies to Urrutia's second motion to reopen. In support of this motion, Urrutia offered further evidence he has been "rehabilitated" from his alcohol problems, including a state court order discharging him from probation and criminal supervision, and expert medical opinion that subjecting Urrutia's daughter to a third separation from her father "should be expected to result in dangerous levels of toxic stress." This was cumulative evidence, not a completely new basis for seeking cancellation of removal, as Urrutia had argued rehabilitation and harm-to-his-children from the outset of the proceedings. <u>See Urrutia I</u>, 940 F.3d at 422. In denying the motion on this ground, the BIA followed its established policy by considering additional evidence and concluding it would not likely change the result in this case -- denial of discretionary cancellation-of-removal relief. <u>See Vargas v. Holder</u>, 567 F.3d 387, 390-91 (8th Cir. 2009). Urrutia argues the BIA failed to consider his statutory eligibility for relief, in other words, that he made a *prima facie* case for relief. But here, the BIA leaped ahead of the eligibility issue, consistent with <u>Abudu</u>, and determined that the evidence Urrutia presented did not entitle him to a discretionary grant of relief. The BIA "has discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief." 8 C.F.R. § 1003.2(a) (2020). The BIA did not abuse its discretion in denying Urrutia's successive motion to reopen.

Urrutia further argues the BIA abused its discretion in declining to reopen proceedings *sua sponte* based on his showing of exceptional circumstances. We cannot consider this issue absent a "colorable constitutional claim." <u>Vue v. Barr</u>, 953 F.3d 1054, 1057 (8th Cir. 2020); <u>see</u> <u>Tamenut v. Mukasey</u>, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc). Urrutia argues the BIA decision deprived him of a constitutionally protected liberty interest. This contention is without merit. <u>See</u> <u>Baker White v. Wilkinson</u>, 990 F.3d 600, 605 (8th Cir. 2021); <u>Sanchez-Velasco v. Holder</u>, 593 F.3d 733, 737 (8th Cir. 2010) ("aliens have no right to due process in the purely discretionary remedy of cancellation of removal").

For the foregoing reasons, we deny the petition for review.

_____