# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1124
_____

Faisal Abdullahi Yusuf

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2022
Filed: December 23, 2022
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Faisal Yusuf petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny his petition for review.

Yusuf is a native and citizen of Somalia and a member of the Asharaf tribe, a minority clan in Somalia. Yusuf's father was a police chief in Mogadishu in the 1980s and 1990s and worked for the former Siad Barre regime. Yusuf's father was killed when civil war started in Somalia, but Yusuf escaped, eventually coming to the United States as a refugee in 1999. Yusuf has five children, all of whom are citizens of the United States. He suffers from post-traumatic stress disorder, depression, and alcohol addiction. He has several criminal convictions spanning from 2005 through 2019, including driving under the influence, domestic violence, disorderly conduct, trespassing, criminal mischief, and violating a no-contact order.

In 2020, the Department of Homeland Security commenced removal proceedings against Yusuf. He petitioned for asylum, withholding of removal, and protection under CAT. *See* 8 U.S.C. §§ 1158, 1231(b)(3)(A); 8 C.F.R. § 208.16(c). The IJ denied his petition, and the BIA affirmed. Yusuf appeals.

"We review the BIA's decision, as it is the final agency action, but to the extent that the BIA adopted the findings or reasoning of the IJ, we also review the IJ's decision as part of the final agency action." *Gutierrez–Vidal v. Holder*, 709 F.3d 728, 731-32 (8th Cir. 2013) (internal quotation marks omitted). We review legal determinations *de novo*, *Agha v. Holder*, 743 F.3d 609, 614 (8th Cir. 2014), and accept the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Further, we review "decisions on asylum, withholding of removal, and CAT protection under the substantial evidence standard, upholding the decision if it is supported by reasonable, substantial, and probative evidence based on the record as a whole." *Id*. (internal quotation marks omitted).

We begin with the BIA's denial of Yusuf's application for asylum. "Any alien who is physically present in the United States or who arrives in the United States . . . may apply for asylum . . . ." 8 U.S.C. § 1158(a)(1). "The Secretary of Homeland Security or the Attorney General *may* grant asylum to an alien" if the alien qualifies as a refugee under § 1101(a)(42)(A). § 1158(b)(1)(A) (emphasis added); *see also*

*Feleke v. I.N.S.*, 118 F.3d 594, 597 (8th Cir. 1997) ("An application for asylum is a matter statutorily vested in the discretion of the Attorney General, acting through the [BIA].").  An alien is not eligible for asylum if he, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States."  § 1158(b)(2)(A)(ii).  In this case, the BIA did not decide whether Yusuf was disqualified for relief on that ground.  "[T]he Attorney General's discretionary judgment whether to grant relief under section 1158(a) . . . shall be conclusive unless manifestly contrary to the law and an abuse of discretion."  § 1252(b)(4)(D).

The discretionary denial of Yusuf's application for asylum was not manifestly contrary to the law or an abuse of discretion.  Other courts have found that a discretionary denial of asylum was not an abuse of discretion when the petitioner had multiple criminal convictions.  *See, e.g.*, *Kouljinski v. Keisler*, 505 F.3d 534, 543 (6th Cir. 2007).  Here, exercising its discretion, the BIA concluded that Yusuf's positive equities, including that his family lives in the United States, the hardship to his family if he leaves the United States, his mental-health conditions, and his struggle with alcohol addiction, do not outweigh his lengthy criminal history, regardless of whether his convictions were for particularly serious crimes.

Yusuf argues that the BIA erroneously relied on *Matter of G-G-S-*, 26 I. & N. Dec. 339 (BIA 2014), which held that mental-health evidence is not to be considered in assessing whether an alien has been committed of a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B), a provision like § 1158(b)(2)(A)(ii).  Yusuf notes that we disagreed with *G-G-S-* in *Shazi v. Wilkinson*, 988 F.3d 441, 448-50 (8th Cir. 2021).  But the BIA did not rely on *G-G-S-*, even though it cited it, and it exercised its discretion to deny asylum regardless of whether Yusuf committed particularly serious crimes.  Further, the BIA concluded that Yusuf's mental-health conditions were not significant mitigating factors, noting that he has not meaningfully sought treatment for his mental-health conditions.  *See Urrutia Robles v. Barr*, 940 F.3d 420, 423 (8th Cir. 2019) (finding in the context of a motion to reopen cancellation of removal that the BIA did not abuse its discretion in concluding that additional

evidence of rehabilitation was "insufficient to overcome the recency and seriousness of [the petitioner's] criminal record"). We therefore affirm the BIA's denial of Yusuf's application for asylum.

Next, we address the BIA's denial of Yusuf's application for withholding of removal. To qualify for withholding of removal, Yusuf must show that there is a clear probability "that [his] life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." § 1231(b)(3)(A); *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 380 (8th Cir. 2013). "[A]n applicant for withholding of removal bears the burden of showing that his membership in a particular social group was or will be a central reason for his persecution." *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1118 (8th Cir. 2020) (internal quotation marks and alterations omitted).

The IJ found that Yusuf did not establish the required nexus between membership in his proposed social groups and a clear probability of persecution. Yusuf proposed the following groups: "[a] Muslim with a diagnosed severe addiction to alcohol," "Son of a member of the former Siad Barre regime," and "Son of a police officer who worked for the Siad Barre regime that was eventually overthrown by the Hawiye-dominated United Somali Congress (USC)." The BIA then concluded that Yusuf had not shown that the IJ's nexus findings were clearly erroneous.

As to Yusuf's first proposed social group, "[a] Muslim with a diagnosed severe addiction to alcohol," we affirm the BIA's denial of his application for withholding of removal because it is supported by substantial evidence. On appeal to the BIA and to us, Yusuf claims that someone addicted to alcohol would consume alcohol, drinking alcohol is forbidden by Sharia law, and Al-Shabaab, a militant jihadist group that advocates for a strict interpretation of Islamic law, punishes those who violate Sharia law. But the evidence Yusuf cites does not establish the required nexus because it states that Al-Shabaab does not uniformly enforce Sharia law. Additionally, Yusuf testified that he would live in Mogadishu, and Mogadishu is not

-4-

under Al-Shabaab control.  As to his two other proposed social groups, we also affirm the BIA's denial because it is supported by substantial evidence.  Yusuf did not establish that he will face persecution for his father's association with the former Siad Barre regime.

Lastly, Yusuf challenges the BIA's denial of CAT protection.  "A noncitizen may separately obtain withholding of removal under CAT by 'establish[ing] that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.'"  *Jama v. Wilkinson*, 990 F.3d 1109, 1117 (8th Cir. 2021) (alterations in original) (quoting 8 C.F.R. § 1208.16(c)(2)).  "Torture" is "any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official . . . ."  8 C.F.R. § 208.18(a)(1).  The BIA concluded that Yusuf "does not meaningfully challenge the [IJ's] dispositive finding that . . . the respondent has not sufficiently demonstrated the requisite likelihood or risk of future torture."  Yusuf contends that the BIA's decision was unclear and that it did not explain what standard of review it was applying.  He asks us to remand to the BIA to clarify its analysis of his CAT claim.

We disagree that the BIA erred.  It properly concluded that Yusuf did not meaningfully challenge the IJ's finding that he had not demonstrated a likelihood of future torture.  *See Matter of M-B-C-*, 27 I. & N. Dec. 31, 31 n.1 (BIA 2017) (noting that issues not meaningfully challenged are treated as waived); *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008) (explaining that the BIA has authority to prescribe procedural rules governing the proceedings before it and approving of the BIA's rule that issues not raised to the IJ are unreviewable by the BIA).

For the foregoing reasons, we deny Yusuf's petition for review.

_____