# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2289
_____

Malkeet Singh

*Petitioner*

v.

Merrick B. Garland

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 9, 2024
Filed: February 23, 2024
_____

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

Malkeet Singh, a native and citizen of India, entered the United States in June 2019 seeking religious and political asylum. Singh claims he is a worker for the Mann Party -- who demand a Sikh homeland in Hindu India -- and is fleeing persecution by the ruling party in India. When an asylum officer determined that Singh had not established a credible fear of persecution, the Department of Homeland

Security issued a Notice to Appear, placing Singh in removal proceedings. See 8 U.S.C. § 1229a. Singh applied for asylum and withholding of removal.

After five appearances and multiple continuances to permit Singh to retain an attorney and obtain documents from India corroborating his fear of persecution, and after the Immigration Judge (IJ) sustained the charge of removability based on Singh's admissions at a master calendar hearing in January 2020, the IJ held an asylum merits hearing on April 16, 2020, at which Singh appeared and testified.

As explained in the IJ's Oral Decision and Order, Singh claimed that he needed more documents from India that he did not identify, "that he could not go forward today, that he was not prepared, that he was mentally unable to go forward with his case and that he was under pressure." Singh told the court "that he would not testify in his case, that he could not provide any information regarding his asylum application." Noting that "an applicant for asylum cannot meet his burden of proof unless he testifies under oath regarding his application," the IJ found that Singh "is abandoning his application for asylum, withholding of removal and protection pursuant to the Convention against Torture" and ordered him removed. The Board of Immigration Appeals (BIA) affirmed the IJ's decision in September 2020, deeming the application abandoned.

Singh petitioned the Fifth Circuit for judicial review of this final agency action. The Fifth Circuit dismissed the petition in March 2021. Singh also filed a motion and other papers the BIA construed as a motion to reconsider the denial of his abandoned asylum claim. He argued the IJ should have granted his request for a further continuance "because of covid19 and lack of legal assistance," and addressed the merits of his asylum claim. The BIA denied Singh's untimely motion to reconsider on February 24, 2021, determining that his new filings would not have changed the grounds of its prior dismissal because they did not explain his refusal to testify, did

not show good cause for a further continuance, and identified no error in the BIA's prior decision.

On May 7, 2021, Singh filed a motion to reopen and remand with the BIA. He argued that materially changed country conditions in India warranted untimely reopening -- he alleged that the ruling party "has outlawed demands for a separate Sikh 'Khalistan,'" in March 2021 its members attacked Singh's father for hiding Singh, a "Khalistani terrorist," and in April 2021 Singh "became an active member of the organization Sikhs for Justice." He further argued the IJ violated his due process rights in denying a continuance of the April 2020 hearing because of the COVID-19 pandemic's impact on his mental health and on his ability to obtain supporting evidence from India.

The BIA denied this motion in May 2023. As Singh offered no comparison of current country conditions and those in 2020, the BIA explained, the present circumstances appear to be "a continuation of the same prior conditions." Moreover, the new evidence is not material because the original application was denied as abandoned, and the due process claim was previously rejected. Singh appeals the BIA's May 2023 decision, arguing the evidence attached with his motion to reopen "was material and was not available or could not have been discovered at his merits hearing on April 16, 2020, during the height of the Covid Pandemic shut down."

"Motions to reopen removal proceedings are disfavored because there is a 'strong public interest' in litigation finality." Robles v. Garland, 23 F.4th 1061, 1063 (8th Cir. 2022), quoting Urrutia Robles v. Barr, 940 F.3d 420, 423 (8th Cir. 2019). Congress has imposed both number and time restrictions, limiting a petitioner to one motion to reopen filed within 90 days of the final agency order of removal. See 8 U.S.C. §§ 1229a(c)(7)(A) and (C)(i); 8 C.F.R. § 1003.2(c)(2) (2020). The BIA may grant an untimely motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such

evidence is material." 8 C.F.R. § 1003.2(c)(3)(ii) (2020). "[T]hese new facts 'must be such that they would likely change the result in the case.'" <u>Xiu Ling Chen v. Holder</u>, 751 F.3d 876, 878 (8th Cir. 2014), quoting <u>Strato v. Ashcroft</u>, 388 F.3d 651, 655 (8th Cir. 2004). We review the denial of a motion to reopen for abuse of discretion. <u>Kucana v. Holder</u>, 558 U.S. 233, 242 (2010). The BIA does not abuse its discretion when it determines that new evidence, even if previously unavailable, "is not likely to change the outcome of the proceedings," for example, because it is cumulative. <u>Robles</u>, 23 F.4th at 1064-65.

Here, we agree with the BIA that the recent events on which Singh relies are not material changes of country conditions in India that can support an untimely motion to reopen and remand -- they would not change the outcome of removal proceedings that resulted in a final order of removal based on Singh's abandonment of his application for asylum and withholding of removal relief. Singh's further claim that the IJ violated his right to procedural due process by denying a continuance of his removal merits hearing also does not warrant untimely reopening -- it was addressed by the BIA in denying Singh's appeal of the IJ's decision.

Accordingly, we deny the petition for review.

_____